No. 64,516

In the Matter of ALLAN D. MORPHETT, *Respondent.*

(790 P.2d 402)

Opinion filed April 13, 1990.

*Stanton A. Hazlett*, deputy disciplinary administrator, argued the cause for the petitioner.

There was no appearance by the respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the disciplinary administrator against Allan D. Morphett, of Prairie Village, an attorney admitted to the practice of law in Kansas. Three separate cases are included in the formal complaint. The facts are not disputed.

In November 1987, complainant retained respondent to defend her in a lawsuit filed in the District Court of Johnson County, Kansas. The complainant paid respondent a retainer of $200 and hand-delivered the check to him on or about November 16, 1987. Respondent informed complainant that she had good defenses to the lawsuit and that the case was fairly simple.

Respondent filed no written answer, affirmative defenses, or counterclaims to the petition and served no discovery requests. Complainant heard nothing further from respondent. She became concerned about a court date and made numerous attempts to contact respondent by telephone without success. On February 29, 1988, respondent was served with notice of trial setting. The trial was set for March 24, 1988, at 10:00 a.m. in Johnson County District Court. Respondent did not notify complainant of the trial.

On March 24, 1988, a default judgment was entered against complainant in the amount of $1,508.35 plus interest and costs. Respondent did not appear for trial and did not notify complainant that a default judgment had been entered against her. The journal entry of default was filed March 30, 1988. Fifteen days after the entry of default, on April 8, 1988, respondent filed a motion to set aside the judgment. Respondent represented to the court that he was made aware that default judgment had been entered

approximately 30 minutes after the same had occurred. Respondent indicated he had missed the court date due to clerical error.

The motion to set aside the judgment was denied after a hearing to the court on April 15, 1988, and the order was filed on May 9, 1988. Respondent did not notify complainant of the hearing or the results of the hearing. On or about May 31, 1988, complainant's employer was served with an order of garnishment. This was the first notice complainant had that judgment had been entered against her. She made numerous attempts to contact respondent by telephone and left messages on his answering machine but was unsuccessful in reaching him. Respondent did not return her telephone calls or return the retainer.

Orders were subsequently obtained directing complainant to pay, and her wages were garnished throughout 1988 and 1989 to satisfy the judgment. At her initial consultation with respondent, complainant also had sought his services to assist her in negotiating repayment of her student loan incurred for her education at Platt College. Complainant's income tax refund has been held by the government to apply toward the loan. Respondent never communicated with her regarding this matter.

In the second complaint, on or about August 24, 1988, complainant retained respondent to renegotiate a lease for his business. Respondent requested a retainer of $200, which was paid. Respondent told complainant that he would write a letter to complainant regarding the renegotiation of the lease and assist him. Complainant began calling respondent to learn of the status of the negotiations approximately one week after meeting with him. Respondent did not return his telephone calls and did not correspond with complainant.

On October 7, 1988, complainant sent respondent a certified return-receipt letter advising him his services were no longer needed and requesting return of the $200 retainer fee and the documents provided to respondent. Respondent did not return the money or reply to the letter.

Complainant retained other counsel to renegotiate his lease. On October 28, 1988, and November 21, 1988, complainant's counsel wrote to respondent and made demand on behalf of complainant for return of the documents and retainer. Respondent

did not reply to the correspondence and has never repaid the $200.

In the final complaint, complainant retained respondent to probate the estate of his mother. Complainant was advised respondent would require a retainer of 5% to 10% of the value of his mother's estate as a "good starting point." Respondent prepared a petition for probate of will under the Kansas Simplified Estates Act and filed the petition on October 14, 1987. Complainant was the sole heir under the will to his mother's estate.

On November 12, 1987, respondent and complainant attended the hearing on the petition for probate of will and the appointment of complainant as executor. Respondent requested and was paid by check the sum of $1,500 as a retainer that same day. Respondent cashed the check. Complainant heard nothing further from respondent. He made numerous attempts to contact respondent by telephone, but his messages went unanswered.

On or about May 2, 1988, complainant received an inheritance tax closing letter from the Kansas Department of Revenue advising him of Kansas inheritance tax due. At the time complainant had retained him, respondent advised complainant that there would be no inheritance taxes on his mother's estate.

In September 1988, complainant was able to reach respondent and met with him in person. Respondent advised complainant he was having personal problems but assured him he would "finish the job" and maintain weekly contact with complainant. Complainant heard nothing further from respondent.

Complainant retained the services of another attorney to complete the probate proceedings. He wrote to respondent on March 13, 1989, discharging him and requesting an itemization of legal services performed as of that date. Respondent did not reply to the letter and has never returned any portion of the retainer to complainant.

In each case, respondent failed to return the telephone calls or to respond to correspondence from the attorney appointed to investigate the complaints.

A formal complaint was filed by the disciplinary administrator against the respondent on September 12, 1989. A hearing was held before the Kansas Board for Discipline of Attorneys on October 20, 1989. The respondent appeared neither in person nor

by counsel. The panel concluded that there was clear and convincing evidence that respondent's actions with respect to the first complaint were a violation of Supreme Court Rule 225, DR 1-102(A)(1), (4), and (5) (1989 Kan. Ct. R. Annot. 147); DR 6-101(A)(3) (1989 Kan. Ct. R. Annot. 169); DR 7-101(A)(2) and (3) (1989 Kan. Ct. R. Annot. 174); DR 9-102(B)(2) and (3) (1989 Kan. Ct. R. Annot. 185); MRPC 1.1 (1989 Kan. Ct. R. Annot. 196); MRPC 1.3 (1989 Kan. Ct. R. Annot. 199); MRPC 1.4(a) (1989 Kan. Ct. R. Annot. 200); MRPC 1.15(a), (b), and (d)(1) and (2) (1989 Kan. Ct. R. Annot. 226); MRPC 8.4(a), (c), (d), and (g) (1989 Kan. Ct. R. Annot. 268); and Supreme Court Rule 207 (1989 Kan. Ct. R. Annot. 125).

Respondent's actions with respect to the second complaint were a violation of MRPC 1.1; MRPC 1.3; MRPC 1.4(a); MRPC 1.15(a), (b), and (d)(1) and (2); MRPC 8.4(a), (c), (d), and (g); and Supreme Court Rule 207.

Respondent's actions with respect to the final complaint were a violation of DR 1-102(A)(1), (4), (5), and (6); DR 6-101(A)(3); DR 7-101(A)(2) and (3); DR 9-102(B)(2), (3), and (4); MRPC 1.1; MRPC 1.3; MRPC 1.4(a); MRPC 1.15(a), (b), and (d)(1) and (2); MRPC 8.4(a), (c), (d), and (g); and Supreme Court Rule 207. The panel unanimously recommended that respondent be disciplined by disbarment from the practice of law pursuant to Supreme Court Rule 203(a)(1) (1989 Kan. Ct. R. Annot. 120). Respondent was directed to appear before this court pursuant to Supreme Court Rule 212(d) (1989 Kan. Ct. R. Annot. 132), but failed to do so.

After carefully reviewing the record in this action, we agree with and adopt the panel's findings, conclusions, and recommendations.

IT IS THEREFORE ORDERED that Allan D. Morphett be and he is hereby disbarred from the practice of law in this state, and the clerk of the appellate courts is directed to strike his name from the roll of attorneys authorized to practice law in Kansas.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Rule 218 (1989 Kan. Ct. R. Annot. 138).

IT IS FURTHER ORDERED that the costs of the proceeding be assessed to the respondent, and that this order be published in the official Kansas Reports.